UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 3:21-cv-00448-BJD-JRK

THE OKAVAGE GROUP, LLC,
on behalf of itself and all others
similarly situated,

      *Plaintiff*,

       v.

UWM HOLDINGS CORPORATION and
MAT ISHBIA, individually,

      *Defendants*.

_____/

**DEFENDANTS' MOTION TO STAY DISCOVERY
PENDING RULING ON DEFENDANTS' DISPOSITIVE MOTION TO
DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Defendants, UWM Holdings Corporation ("UWM")[1] and Mat Ishbia ("Mr. Ishbia," and collectively with UWM, "Defendants"), by their undersigned counsel, respectfully move the Court for an order temporarily staying discovery until the Court issues a ruling on Defendants' dispositive Motion to Dismiss Class Action Complaint [D.E. 16] (the "Motion to Dismiss"), and in support thereof, state as follows:

---

[1] For the reasons set forth in the Motion to Dismiss, Plaintiff improperly names UWM Holdings Corporation as a Defendant. All references to "UWM" are to the proper party defendant, United Wholesale Mortgage, LLC.

1

**MEMORANDUM OF LAW**

## I. Introduction

Defendants request a stay of discovery to promote efficiency and avoid needless expenditure of time and resources on futile discovery while the Court evaluates case-dispositive grounds for dismissal with a substantial likelihood of success. Plaintiff's Class Action Complaint (the "Complaint") asserts inherently implausible theories of liability claiming that Defendants violated federal and Florida law by proposing an amended term (the "Amendment") to UWM's broker agreements to confront the business practices of two mortgage lenders. The express purpose of the Amendment was to address specific practices UWM believes are harming mortgage brokers, consumers, and the wholesale mortgage channel. The choice to accept or decline the Amendment—which entails no minimum obligation to UWM and is immediately terminable without consequence—is entirely voluntary; and, even regardless of its choice, every mortgage broker remains free to submit loans to more than 70 other wholesale mortgage lenders.

Plaintiff ***declined*** the proposed Amendment, resulting in the termination of its relationship with UWM. Yet it has now sued UWM (and, absurdly, also individually named UWM's President and CEO in his personal capacity), implausibly asserting it has somehow been "forced and coerced" to offer UWM's mortgage loan products despite its choice ***not*** to do so. Defendants have moved to dismiss on multiple obvious and case-dispositive grounds, including: (1) Plaintiff

2

lacks standing because merely having to make a contractual choice whether to continue to do business with two out of more than seventy mortgage lenders is not an injury in fact, much less an antitrust injury; (2) the Court lacks personal jurisdiction over Mr. Isbhia; (3) the federal and state antitrust claims fail because the Amendment is facially lawful and entails no discernable anticompetitive effects or risk of monopolization; (4) the tortious interference claim fails because there was no interference and no injury; (5) the Florida Deceptive and Unfair Trade Practices Act claim fails because there was no actual injury; and (6) the declaratory relief claim fails because there was no injury, and because the claim is duplicative. Put simply, Plaintiff is uninjured as a matter of law, and its claims fail to meet the facial plausibility standard.

Given the substantial likelihood of success on Defendants' Motion to Dismiss, Plaintiff's Complaint involves precisely the type of "nonmeritorious claim[s]" that the Eleventh Circuit has cautioned district courts to dismiss "before discovery has begun, [so as to avoid] unnecessary costs to the litigants and to the court system." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). There is no reason for the Parties to undertake burdensome and expensive discovery where the Plaintiff lacks standing, there is no personal jurisdiction over Mr. Ishbia, and the Complaint otherwise fails to state a plausible claim. For these reasons, the Court should stay the case pending resolution of Defendants' Motion to Dismiss.

3

## II. Background

Plaintiff filed its Complaint on April 23, 2021, asserting six claims for alleged violations of federal and state antitrust law (Counts I through VI), one claim for tortious interference with business relationships (Count VII), one claim for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count VIII), and one claim for declaratory relief (Count IX). The crux of the Complaint is that UWM's proposed Amendment requires mortgage brokers like Plaintiff to choose whether to continue doing business either with UWM, or with two other mortgage lenders—Rocket Pro TPO ("Rocket") and Fairway Mortgage ("Fairway")—whose practices UWM believes are harmful to the wholesale mortgage loan channel. Compl. ¶¶ 11-12, 32. Plaintiff chose Rocket and Fairway, declined the Amendment, and as a result its relationship with UWM terminated. *Id.* ¶¶ 10, 27, 31, 38, 61.

Defendants filed their Motion to Dismiss on June 18, 2021, seeking dismissal of the Complaint in its entirety under Rules 12(b)(1), 12(b)(2), and 12(b)(6), for lack of standing, lack of personal jurisdiction over Mr. Ishbia, and failure to state a claim. The Motion to Dismiss raises numerous facial and legal deficiencies in Plaintiff's claims, centering on the key points that Plaintiff (i) has not suffered any injury because it declined the Amendment; (ii) cannot allege any injury in fact or anticompetitive injury; (iii) cannot allege that UWM possesses the requisite market power or ability to monopolize in the relevant market; (iv) fails to allege any anticompetitive, deceptive, or unfair

4

practice; and (v) fails to allege any interference with its purported relationship with Rocket and Fairway. For these reasons, and as more fully set forth in the Motion to Dismiss, Defendants seek dismissal of Plaintiff's Complaint with prejudice. The Motion to Dismiss is pending, and the parties have not propounded any discovery.

### III.  Argument

The substantial likelihood of a dispositive ruling on the Motion to Dismiss strongly favors a stay of discovery while this Court considers the Motion to Dismiss. "[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them[.]" *Chudasama*, 123 F.3d at 1366. Courts "have routinely found that staying discovery is appropriate . . . when resolution of a preliminary motion may dispose of the entire action." *Textile USA, Inc. v. Diageo N. Am., Inc.*, No. 15-24309-CIV, 2016 WL 11317301, at *1 (S.D. Fla. June 8, 2016) (quotation marks omitted). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." *JERMC, Ltd. v. Town of Redington Shores*, No. 8:19-CV-688, 2020 WL 2850144, at *1 (M.D. Fla. June 2, 2020) (quotation marks omitted).

A stay is most appropriate where, as here, there is a pending motion to dismiss that raises jurisdictional questions and/or meritorious case-dispositive grounds, thereby rendering initiation of discovery premature. *See George & Co*.

5

*LLC v. Cardinal Indus., Inc.*, No. 2:18-CV-154, 2019 WL 1468514, at *2 (M.D. Fla. Feb. 19, 2019) (staying discovery pending resolution of motion to dismiss raising subject matter jurisdiction and personal jurisdiction issues); *DeBoskey v. SunTrust Mortg., Inc.*, No. 8:14-CV-1778, 2016 WL 11504673, at *1 (M.D. Fla. Oct. 26, 2016) ("good cause to grant the temporary stay of discovery" based on Defendants' motions to dismiss); *Williams v. Bank of Am. Corp.*, No. 3:15-CV-1449, 2016 WL 11618570, at *1 (M.D. Fla. July 13, 2016) ("If granted, these Motions would dispose of the whole case, and, for purposes of deciding the present Motion, these Motions appear to be meritorious. Therefore, the Motion to Stay is due to be granted."); *Toliver v. Bank of Am., N.A.*, No. 3:12-CV-1006, 2013 WL 12161877, at *2 (M.D. Fla. Aug. 19, 2013) (staying discovery based on "a preliminary peek at the motion to dismiss," which revealed "potentially meritorious challenges to the legal sufficiency of the complaint in its entirety"); *Glynn v. Basil St. Partners, LLC*, No. 2:09-CV-585, 2010 WL 2508605, at *1 (M.D. Fla. June 16, 2010) ("Defendant has raised meritorious challenges to the Complaint . . . Defendants have met their burden and have shown good cause for entry of an order staying discovery. . . .").

Defendants' Motion to Dismiss raises both jurisdictional challenges and meritorious grounds requiring dismissal of the Complaint in its entirety. At the outset, there is a serious question as to the Court's subject matter jurisdiction where the Complaint fails to set forth any injury in fact to support Plaintiff's standing. Plaintiff voluntarily made a business decision—decline the Amendment, and do business with Rocket and Fairway instead of UWM—leaving Plaintiff

6

untouched by the supposed injuries it asserts. Plaintiff accordingly lacks standing to bring its claims against Defendants. The Court further lacks personal jurisdiction over Mr. Ishbia, whose only alleged contacts with Florida are in his capacity as President and CEO of UWM, which do not subject him to personal jurisdiction under the corporate shield doctrine.

Moreover, Plaintiff's Complaint fails to state a claim because, among other grounds, the proposed Amendment between entities in a vertical relationship to one another is facially lawful; Plaintiff alleges no facts raising plausible concerns of anticompetitive effects or risk of monopolization; Plaintiff alleges no facts reflecting any interference with its alleged relationships with Rocket and Fairway or any resulting injury; Plaintiff alleges no actual injury cognizable under FDUTPA; and Plaintiff's declaratory relief claim is devoid of allegations of injury or non-duplicative grounds for such relief. The Complaint also consistently and improperly lumps Defendants UWM and Mr. Ishbia together, in violation of Rule 8.

Stated simply, Plaintiff's Complaint fails at every angle—subject matter jurisdiction, personal jurisdiction, and stating a claim—and it would impose an undue burden on Defendants to proceed with expensive discovery regarding such non-meritorious claims. Defendants' Motion to Dismiss is thus precisely the type of motion that justifies a stay before initiation of discovery. Plaintiff will not be prejudiced in any way by a stay as the case is in its initial stages.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court enter an order granting a temporary stay of discovery until the Court rules on Defendants' Motion to Dismiss, and such other and further relief as the Court deems appropriate.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), undersigned counsel hereby certifies that he has conferred with Plaintiff's counsel, who opposes the stay of discovery requested in this Motion.

Dated: June 18, 2021                    Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, Florida 33301
Telephone: 954-765-0500
Telefax: 954-765-1477

By:     /s/ *Glenn E. Goldstein*
        **Glenn E. Goldstein, Esquire**
        Florida Bar No. 435260
        Email: GoldsteinG@gtlaw.com
            depasqualem@gtlaw.com
            FLService@gtlaw.com

**Avi Benayoun, Esquire**
Florida Bar No. 0151696
Email: benayouna@gtlaw.com
    yeargina@gtlaw.com

and

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue
Suite 4400
Miami, FL 33131

8

                              Telephone: 305-579-0500
                              Facsimile: 305-579-0717
                              **Stephanie Peral, Esquire**
                              Florida Bar No. 119324
                              Email: perals@gtlaw.com
                                          collazoe@gtlaw.com

                              ***Attorneys for Defendants UWM Holdings Corporation and Mat Ishbia***

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                            */s/ Glenn E. Goldstein*
                                                            GLENN E. GOLDSTEIN