IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THE OKAVAGE GROUP, LLC
on behalf of itself and all others
similarly situated,

    Plaintiff,

v.
                                      CASE NO.  3:21-CV-00448

UNITED WHOLESALE MORTGAGE, LLC and
MATTHEW ISHBIA, individually,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' NOW-MOOT MOTION TO DISMISS**

    Plaintiff, The Okavage Group, LLC, ("The Okavage Group" or "Plaintiff"), on behalf of itself and all others similarly situated, by and through its attorneys, files this Response to Defendants' Motion to Dismiss (Doc. 16), which is likely moot based on the filing of Plaintiffs' First Amended Complaint (Doc.27, Ex. A), as follows:

**INTRODUCTION**

1.    This is a class action brought by Plaintiff on behalf of all mortgage brokers ("the Class" or "Class Members") that currently are or have been clients of mortgage lenders UWM and either Fairway Independent Mortgage ("Fairway Mortgage") or Rocket Pro TPO (a division of Rocket Mortgage) and have been affected by Defendants' ultimatum (the "Ultimatum") requiring them to cease doing business with Fairway Mortgage and Rocket Pro TPO, or face termination of their business relationship with UWM and/or exorbitant and unconscionable monetary penalties in the minimum amount of $50,000 imposed by UWM.

1

2. Plaintiff and Class Members are mortgage brokers who currently are and/or have been clients of UWM and Fairway Mortgage and/or Rocket Pro TPO.

3. Plaintiff filed its Original Complaint on April 23, 2021 (Doc. 01). Defendants filed a Memorandum of Law supporting Motion to Dismiss Pursuant to Rule 12(b)(1) 12(b)(2), and 12(b)(6) on June 18, 2021 [Doc.16). The Memorandum purports to incorporate a Motion to Dismiss (Doc.16, page 10 of 46). No separate Motion to Dismiss was filed.

4. On July 30, 2021, Plaintiff filed its Amended Complaint as of right pursuant to Rule 15 of the Federal Rules of Civil Procedure. Since no Motion to Dismiss was filed (only a Memorandum of Law), Plaintiff should be authorized to file the Amended Complaint as a matter of course because no responsive pleading has been filed and no "Motion" to Dismiss was filed

5. In an abundance of caution, however, Plaintiff has filed a Motion for Leave to File Amended Complaint, with the proposed amended complaint attached. District judges in the Middle District typically hold that the filing of an amended pleading moots prior motions to dismiss superseded pleadings. *Cowan v. Gaffney,* 2009 WL 10670026 (M.D. Fla. 2009)(Judge Chappell). Plaintiff respectfully requests that the Court abate or extend all proceedings on Defendants' Motion to Dismiss until the Court rules on Plaintiff's Motion for Leave to Amend Class Action Complaint.

6. Defendants' arguments on lack of personal and subject matter jurisdiction are not ripe for consideration and need not be addressed before ruling on the Motion for Leave to Amend. The corporate shield doctrine does not apply because the amended complaint alleges intentional tortious conduct by Defendant Ishbia individually within the State of Florida, as well as substantial contacts within the State of Florida. *Doe v. Thompson,* 620 So. 2d 1004, 1006 n. 1 (Fla. 1993)("[a] corporate officer committing fraud or other intentional misconduct can be subject to personal jurisdiction"); *Wood v. Wall,* 666 So. 2d 984, 986 (Fla. 3d DCA 1996)("Because Wall and Adsit

are alleged to have committed purposeful, non-fortuitous intentional tortious acts on Wood and his associates located in Florida, the promoters are deemed to have subjected themselves to the long-arm jurisdiction of Florida courts under § 48.193(1) (b).").   Defendants' challenge to subject matter jurisdiction is based solely on Plaintiff's injury allegations which are now set forth in greater detail in the Amended Complaint.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant leave to file Plaintiff's First Amended Complaint and address Defendant's only those issues in Defendant's Motion to Dismiss which Defendant contends are not cured in the Amended Complaint.  Plaintiff also requests such other and further relief to which it may be entitled.

Dated:   July 30, 2021.

Respectfully Submitted,
**PARRISH & GOODMAN, PLLC**
*/s/ Robert H. Goodman*
ROBERT H. GOODMAN
Florida Bar No.:  1008059
13031 McGregor Blvd., Suite 8
Fort Myers, Florida 33919
Phone: (813) 643-4529
Facsimile: (813) 315-6535
Primary: rgoodman@parrishgoodman.com
Secondary: admin@parrishgoodman.com
AND
JOSEPH E. PARRISH
Florida Bar. No: 690058
Primary: jparrish@parrishgoodman.com
Secondary: admin@parrishgoodman.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 30th day of July, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Robert H. Goodman
*Attorney for Plaintiff*