## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### Case No. 3:21-cv-00448-BJD-JRK

THE OKAVAGE GROUP, LLC
on behalf of itself and all others
similarly situated,

       *Plaintiff*,

       v.

UNITED WHOLESALE MORTGAGE, LLC
and MATHEW ISHBIA, individually,

       *Defendants*.

_____/

### DEFENDANT MATHEW ISHBIA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY <u>REGARDING PERSONAL JURISDICTION</u>

Defendant Mathew Ishbia ("Mr. Ishbia"), by his undersigned counsel, hereby submits this response in opposition to Plaintiff The Okavage Group, LLC's Motion for Limited Discovery Necessary to Refute Defendant Ishbia's Challenge to Personal Jurisdiction (the "Motion") and states as follows:

### I.   <u>INTRODUCTION</u>

Although Plaintiff's claims arise solely from United Wholesale Mortgage, LLC's ("UWM") decision to amend its contracts, Plaintiff has gratuitously and improperly named UWM's President and CEO—Mr. Ishbia—as an individual defendant in this matter. Plaintiff's inclusion of Mr. Ishbia in this lawsuit is a

1

transparent attempt to harass and inconvenience Mr. Ishbia as part of Plaintiff's publicity campaign. Plaintiff's intent is evidenced by its Amended Complaint, which *only* references Mr. Ishbia in connection with his corporate position at UWM, and which is devoid of any claims arising out of actions taken by Mr. Ishbia in his personal capacity. Plaintiff did not identify any legal or factual basis demonstrating Mr. Ishbia is subject to this Court's jurisdiction, and Mr. Ishbia accordingly sought dismissal for lack of personal jurisdiction.

Now, after reviewing Defendants' Motion to Dismiss, and ***after this Court entered an Order staying discovery***,[1] Plaintiff belatedly insists it needs "jurisdictional discovery" on wholly irrelevant issues unrelated to the allegations of the Amended Complaint. Plaintiff's request for "jurisdictional discovery" has nothing to do with the claims at issue in this case and everything to do with prolonging the life of Plaintiff's meritless claims against Mr. Ishbia and imposing undue discovery burdens on him as the price to exit litigation that never had anything to do with Mr. Ishbia acting in his personal capacity in the first place. Indeed, Plaintiff is so set on harrying Mr. Ishbia that it improperly inserted factual assertions absent from the Amended Complaint (and contrary thereto) in its response to Defendants' Motion to Dismiss. *See* D.E. 53 at 3, 17 n.10 (inserting gratuitous assertions, not alleged in the Amended Complaint, that an unspecified "Trust" allegedly connected with Mr. Ishbia "bought the most expensive house in Florida, a mansion in Naples," and

---

[1] *See* D.E. 51.

2

claiming Mr. Ishbia has an "open and obvious residence in Florida," when the Amended Complaint itself acknowledges he is a citizen of Michigan).

But Plaintiff is not entitled to rely on factual assertions outside the four corners of its Amended Complaint. Plaintiff is likewise not entitled to a harassing fishing expedition for jurisdictional facts that not only have *no ties to its underlying claims*, but which it was required to obtain prior to naming Mr. Ishbia as a Defendant in the first instance. And, even if Plaintiff's request were proper (it is not), Plaintiff's three-paragraph Motion fails to identify the information it seeks, or how that information could possibly support its contention that this Court has personal jurisdiction over Mr. Ishbia. The Court should therefore deny Plaintiff's Motion.

## II.  BACKGROUND

UWM is a wholesale residential mortgage lender, and Plaintiff is a mortgage broker who did minimal business with UWM for less than a year pursuant to a Broker Agreement signed with UWM on or about November 20, 2020.  D.E. 46 at Ex. A.  On March 4, 2021, solely in his capacity as President and CEO of UWM, Mr. Ishbia announced that UWM was amending its Broker Agreement to require a representation and warranty that mortgage brokers who submit loans to UWM will not also submit loans to mortgage lenders Rocket Pro TPO ("Rocket") and/or Fairway Independent Mortgage ("Fairway") (the "Amendment").  *See* First Amended Class Action Complaint [D.E. 27-1] (the "Amended Complaint"), ¶ 12. Plaintiff admits it declined UWM's Amendment in order to maintain the lender

3

relationships it preferred—with Rocket and Fairway—and its Broker Agreement with UWM was accordingly terminated. *Id.* ¶¶ 34, 46.

The Amended Complaint affirmatively alleges that Mr. Ishbia "is a citizen of the State of Michigan." *Id.* ¶ 18. Yet Plaintiff brings nine claims against both UWM ***and Mr. Ishbia personally***, even though Mr. Ishbia is alleged to have acted solely in his corporate capacity throughout the Amended Complaint.  *See id.* ¶ 12 ("At a virtual event hosted by UWM, UWM's CEO, Matthew Ishbia publicly announced its [Amendment]"); *id.* ¶ 19 (Ishbia "directed communications announcing [UWM's] unlawful [Amendment] and false statements to mortgage brokers"); *see also id.* ¶¶ 29–32.  Defendants accordingly filed a Motion to Dismiss Amended Class Action Complaint Pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) (the "Motion to Dismiss") [D.E. 46] on September 7, 2021 arguing, among other things, that this Court lacks personal jurisdiction over Mr. Ishbia.

Defendants also filed their Motion to Stay Discovery Pending Ruling on Defendants' Dispositive Motion to Dismiss Amended Complaint on September 7, 2021 (the "Motion to Stay"), *see* D.E. 47, which the Court granted on September 30, 2021.  *See* D.E. 51 (ordering that "[d]iscovery in this case is stayed pending further order of this case").  On October 10, 2021, despite the Court-ordered stay of discovery, Plaintiff filed the current Motion seeking "jurisdictional discovery," which Plaintiff claims is necessary "[p]rior to any consideration of [Defendants'] Motion to Dismiss." *Id.* at 2.  Thereafter, on October 28, 2021,

4

Plaintiff filed its Opposition to Defendants' Motion to Dismiss First Amended Class Action Complaint, inserting factual averments about Mr. Ishbia absent from, and contrary to, the pleadings. *See* D.E. 53. at 3, 17.

## III.  <u>PLAINTIFF IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY</u>

### A.  <u>Plaintiff's Jurisdictional Allegations Regarding Mr. Ishbia Are Inadequate on Their Face.</u>

The "right to jurisdictional discovery is a qualified one, available when a court's jurisdiction is genuinely in dispute." *Wolf v. Celebrity Cruises, Inc.*, 683 F. App'x 786, 792 (11th Cir. 2017) (quotation marks omitted). It is not, however, "a vehicle for a 'fishing expedition' in hopes that discovery will sustain the exercise of personal jurisdiction." *Herederos de Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, No. 20-civ-21630, 2021 WL 3054908, at *3 (S.D. Fla. July 20, 2021). A plaintiff is not allowed to seek jurisdictional discovery to marshal jurisdictional facts it should have investigated and gathered prior to initiating suit in a last-ditch attempt to survive dismissal. *See Jessop v. Penn Nat'l Gaming, Inc.*, No. 6:18-cv-1741, 2019 WL 960031, at *2 (M.D. Fla. Jan. 25, 2019) (declining to permit jurisdictional discovery where plaintiff's request for jurisdictional discovery was "an attempt to conduct a fishing expedition to uncover evidence to support Plaintiff's general allegation that the Court has personal jurisdiction over [Defendant]"); *In re Takata Airbag Prod. Liab. Litig.*, 396 F. Supp. 3d 1101, 1157 (S.D. Fla. 2019) (court was "unwilling to defer ruling on the pending Motion to Dismiss" and denied request for jurisdictional discovery where

the plaintiff failed "to investigate, collect, and allege sufficient facts prior to initiating [the] lawsuit"); *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1339 (S.D. Fla. 2016) (plaintiff "is foreclosed from pursuing jurisdictional discovery in an attempt to marshal facts that he should have had—but did not—before coming through the courthouse doors") (quotation marks omitted); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1346 (S.D. Fla. 2016) (same).

Here, for the reasons set forth more fully in Defendants' Motion to Dismiss, Plaintiff has failed in the first instance to sufficiently allege this Court has personal jurisdiction over Mr. Ishbia.  *See* Mot. to Dismiss at 17–18.  The Amended Complaint correctly alleges Mr. Ishbia is a citizen of Michigan.  Am. Compl. ¶ 18. Plaintiff's sole basis on the face of the Amended Complaint for naming Mr. Ishbia as a Defendant is that he announced the Amendment on behalf of UWM in his role as President and CEO.  *Id.* ¶ 12.  Plaintiff does not—and cannot—allege Mr. Ishbia acted outside the scope of his employment, or within his personal capacity, ***when announcing the Amendment on behalf of UWM***, and the corporate shield doctrine thus prevents this Court from exercising personal jurisdiction over Mr. Ishbia in any event.[2]  *See id.*; *Andrew v. Radiancy, Inc.*, No. 6:16-cv-1061-ORL-37-GJK, 2017 WL 2692840, at *5 (M.D. Fla. June 22, 2017) ("Under the corporate shield doctrine, when a corporation commits a tortious act in Florida, its 'chief executive officer' is

---

[2] Plaintiff's Amended Complaint is also wholly devoid of any allegations demonstrating how this Court may otherwise have personal jurisdiction over Mr. Ishbia in accordance with Florida's long arm statute and Mr. Ishbia's due process rights.

not subject to personal jurisdiction 'by virtue of his position'").

Because Plaintiff's Amended Complaint, on its face, is wholly devoid of ***any*** facts sufficient to confer personal jurisdiction over Mr. Ishbia, Mr. Ishbia did not introduce any additional facts when contesting personal jurisdiction; and Plaintiff is prohibited from introducing such new allegations at this juncture. *See Richard Boyd Enters., Inc. v. Aquarium Pharms., Inc.*, No. 09-22301-CIV, 2010 WL 11448226, at *3 (S.D. Fla. Feb. 5, 2010) ("Because [Defendant] does not present evidence outside the Complaint to challenge personal jurisdiction, the Court restricts its 12(b)(2) analysis to whether [Plaintiff] has alleged sufficient facts to make out a prima facie case of personal jurisdiction within the four corners of the Complaint."). Plaintiff's efforts to *de facto* amend its Amended Complaint in its response to the Motion to Dismiss by interjecting rumor and innuendo and asserting that Mr. Ishbia is an "open and obvious" resident of Florida—when the Amended Complaint contains no such (and indeed contrary) allegations—cannot supply a basis for jurisdictional discovery where Plaintiff did not bother to marshal the facts supporting personal jurisdiction before filing suit against Mr. Ishbia. The Court should thus deny Plaintiff's Motion.[3]

---

[3] This is not the only instance in which Plaintiff seeks to interject new, unpled, and contradictory assertions into its response brief in an attempt to shore up the facially insufficient jurisdictional allegations of the Amended Complaint. Plaintiff had done the same in an attempt to cure its failure to plead standing, falsely asserting in its response brief that UWM "markets its loan terms directly to borrowers" (it does not); that "[i]t is the borrower who applies for a specific loan, not the broker"; and that the broker merely "advises and recommends loan products" to the borrower. *See* D.E. 53 at 9. That directly contradicts the Amended Complaint's allegations that "wholesale mortgage lenders do not work directly with consumers/borrowers until after a loan has been funded, if at all," and mortgage brokers not only "advise the customers of available interest rates and loan terms," but also "***select the mortgage lender*** to submit the loan application…" Am. Compl. ¶¶ 3, 5 (emphasis added).

B. **<u>Plaintiff Does Not Identify the Jurisdictional Facts Sought or How Those Facts Would Support Personal Jurisdiction.</u>**

Jurisdictional discovery is not appropriate where the moving party fails to identify what pertinent facts could be discovered, and how such facts would bolster its jurisdictional allegations. *See, e.g., Wolf*, 683 F. App'x at 792 (affirming district court's denial of plaintiff's request for jurisdictional discovery because plaintiff's "general request ... did not specify what information he sought or how that information would bolster his allegations"); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (district court did not err in granting motion to dismiss on jurisdictional grounds and effectively denying request for jurisdictional discovery where plaintiffs "failed to specify what they thought could or should be discovered"); *Instabook Corp. v. Instantpublisher.com*, 469 F. Supp. 2d 1120, 1127 (M.D. Fla. 2006) (denying request for jurisdictional discovery where plaintiff "only generally requested such discovery, without explaining how such discovery would bolster its contentions"); *Vision Media TV Group, LLC v. Forte*, 724 F. Supp. 2d 1260, 1267 n.3 (S.D. Fla. 2010) (denying plaintiff's request for jurisdictional discovery where plaintiff made no request for specific information and did not establish the need for jurisdictional discovery).

Here, Plaintiff makes a half-hearted and belated request "to conduct limited

---

Where, as here, UWM has presented a facial attack to Plaintiff's standing, "the Court 'must evaluate standing based on the facts alleged in the complaint,'" and "cannot 'speculate concerning the existence of standing' or 'piece together support for the plaintiff.'" *Price v. City of Ocala*, 375 F. Supp. 3d 1264, 1275 (M.D. Fla. 2019) (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)).

discovery related to the issue of personal jurisdiction," Mot. at 2, but fails to allege what *facts* it could possibly discover that could vest this Court with personal jurisdiction over Mr. Ishbia.  Plaintiff makes vague and unsupported claims that "Mr. Ishbia recently purchased a [] house in Naples, FL through his trust," and that some unidentified "public documents" reveal Mr. Ishbia has a "business and individual relationship with the State of Florida." Mot. at 2.  But Plaintiff fails to provide any support whatsoever for either allegation.  More significantly, Plaintiff fails to demonstrate how either of those allegations, even if true, could confer personal jurisdictional over Mr. Ishbia given that Mr. Ishbia's *sole* connection to this lawsuit relates to an announcement of the Amendment on behalf of UWM—not himself.  *See* Am. Compl. ¶¶ 12, 29–32.  Mr. Ishbia's purported ownership of Florida real estate has absolutely no connection to Plaintiff's claims, and Plaintiff does not allege—and cannot allege—any such real estate forms the basis of its claims.  Indeed, "[t]he law is clear that, when specific jurisdiction is at issue, the Court must disregard forum contacts that are not connected to the plaintiff's causes of action." *See Andrew v. Radiancy, Inc.*, No. 6:16-cv-1061, 2017 WL 2692840, at *6 (M.D. Fla. June 22, 2017) (granting CEO and President's motion to dismiss for lack of personal jurisdiction where his only tie was ownership of real estate in Florida that was entirely unrelated to plaintiff's claims).[4]  Plaintiff's Motion is thus wholly deficient

---

[4] Plaintiff cannot assert general jurisdiction over Mr. Ishbia based on his alleged purchase of a "residence" in Florida, where Plaintiff affirmatively alleges Mr. Ishbia is a citizen of Michigan. *See* Am. Compl. ¶ 18. "For an individual, the paradigm forum for the exercise of general jurisdiction is

and should be denied.

## IV.   **CONCLUSION**

For the foregoing reasons, Mr. Ishbia requests that the Court deny Plaintiff's

Motion and grant Mr. Ishbia any further relief it deems necessary.

Dated: November 3, 2021                    Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
401 East Las Olas Boulevard
Suite 2000
Fort Lauderdale, Florida 33301
Telephone: 954-765-0500
Telefax: 954-765-1477

By:      /s/ Glenn E. Goldstein
         **Glenn E. Goldstein, Esquire**
         Florida Bar No. 435260
         Email: GoldsteinG@gtlaw.com
             depasqualem@gtlaw.com
             FLService@gtlaw.com

         **Avi Benayoun, Esquire**
         Florida Bar No. 0151696
         Email: benayouna@gtlaw.com
             yeargina@gtlaw.com

         and

---

the individual's domicile[.]" *McCullough v. Royal Caribbean Cruises, Ltd.*, 268 F. Supp. 3d 1336, 1349-50 (S.D. Fla. 2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 136 (2014)). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" *Id.* at 1350-51 (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002); *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)). Plaintiff's (false) assertion in its response brief that Mr. Ishbia "apparently resides" in Florida "during the winter season," D.E. 53 at 3, is insufficient even on its face to establish that Florida is Mr. Ishbia's place of domicile, and cannot do so in light of the Amended Complaint's affirmative allegation that he is a citizen of Michigan.

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue
Suite 4400
Miami, FL 33131
Telephone: 305-579-0500
Facsimile: 305-579-0717
**Stephanie Peral, Esquire**
Florida Bar No. 119324
Email: perals@gtlaw.com
         collazoe@gtlaw.com

*Attorneys for Defendants United Wholesale Mortgage, LLC and Mathew Ishbia*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Glenn E. Goldstein*
GLENN E. GOLDSTEIN

11