UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THE OKAVAGE GROUP, LLC, on
behalf of itself and all others
similarly situated,

    Plaintiff,

v.                                                Case No. 3:21-cv-448-BJD-LLL

UNITED WHOLESALE
MORTGAGE, LLC and MATHEW
ISHBIA,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court following its review of Plaintiffs' Objection to the Magistrate Judge's Report and Recommendation. (Doc. 63).

Plaintiff filed this case on April 23, 2021. (Doc. 1; Complaint). After Defendants filed a motion to dismiss (Doc. 16), Plaintiff filed its Amended Complaint with leave of Defendants and the Court. (Doc. 32). Defendants moved to dismiss Plaintiff's Amended Complaint as well. (Doc. 46; Amended Motion to Dismiss). After thorough consideration of the parties' briefings, the Magistrate Judge recommended that Defendants' Amended Motion to Dimiss the Amended Complaint be granted to the extent all counts are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), but that Plaintiff be

given an opportunity to file a second amended complaint. (Doc. 61 at 50). In its Objection, Plaintiff claims that it "plans to very shortly file a motion for leave to file a second amended complaint to supplement the factual allegations" in the Amended Complaint.

When a plaintiff's complaint is dismissed on a motion under Rule 12(b)(6), it is adjudicated on the merits. Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc., 673 F. App'x 925, 929 (11th Cir. 2016). In deciding whether a decision is an adjudication on the merits on the Rule 41 context, the Supreme Court explained that an adjudication on the merits is the opposite of a dismissal without prejudice. Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 498 (2001). For this reason, dismissal with prejudice following a decision pursuant to 12(b)(6) is the "default." Eiber Radiology, Inc., 673 F. App'x at 929; Banuchi v. City of Homestead, No. 20-25133-CIV, 2021 WL 4264254, at *3 (S.D. Fla. Sept. 20, 2021). Of course, if a motion for leave to amend the complaint is filed, Rule 15 mandates such leave is given freely.

Plaintiff states that it will file a motion to file a second amended complaint. A second amended complaint would moot Defendants' pending motion to dismiss and the resultant Report and Recommendation. See Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (noting that "[a]n amended complaint supercedes a previously filed complaint"); Meterlogic, Inc. v. Copier Solutions, Inc., 185 F. Supp.2d 1292,

1297 (S.D. Fla. 2002) (noting that the plaintiff's filing of an amended complaint "rendered moot the parties' previous pleadings and the defendants' summary judgment and <u>Daubert</u> motions"). Waiting until the Court rules on Defendants' Amended Motion to Dismiss the Amended Complaint to file a second amended complaint risks wasting scarce judicial resources. Plaintiff is counseled, and Defendants' two motions to dismiss and the Report and Recommendation have placed Plaintiff on notice of possible pleading deficiencies requiring dismissal. That dismissal is presumed to be with prejudice. The Court will afford Plaintiff an opportunity to file a second amended complaint. Plaintiff may instead rest on the allegations as stated in its Amended Complaint, but it cannot do both. If Plaintiff's claims are dismissed pursuant to Rule 12(b)(6), that dismissal will be with prejudice.

Accordingly, after due consideration, it is

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 46) is held in abeyance.[1]

2. On or before **October 21, 2022**, Plaintiff shall file a motion for leave to file a second amended complaint. Alternatively, by this same date, Plaintiff shall file a notice that it rests upon the allegations stated in its Amended Complaint (Doc. 32).

---

[1] The Clerk of the Court shall remove the administrative pending gavel until further order of the Court.

**DONE** and **ORDERED** in Jacksonville, Florida this 26th day of September, 2022.

*[signature]*

BRIAN J. DAVIS
United States District Judge

2
Copies furnished to:

Counsel of Record