UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THE OKAVAGE GROUP, LLC
on behalf of itself and all others
similarly situated,

      Plaintiff,                Case No. 3:21-cv-448-BJD-LLL

v.                            Hon. Brian J. Davis

UNITED WHOLESALE        Magistrate Judge Laura Lothman Lambert
MORTGAGE, LLC and
MATTHEW ISHBIA, individually

      Defendants.

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO
FILE SUPPLEMENTAL COMPLAINT**

      Defendants' Response In Opposition to Plaintiff's Motion for Leave to File Reply Brief to Supplemental Complaint ("Response") is a collection of contradictions and inaccuracies:

      1.     Defendants argue that because the proposed Supplemental Complaint offers "new evidence," "that is improper pleading". Doc. 84 at p.9. At the same time, their Motion to Dismiss entirely consists of (incorrect) assertions that Okavage has not alleged sufficient facts. Of course, the issue under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) is whether "a complaint presents enough *factual matter* (taken as true) to suggest" a violation of the law. (Emphasis added). New facts are thus critical to the evaluation of Okavage's Complaint.

1

2.    Defendants claim that Okavage has violated a deadline set by this Court. But this Court's order stated only that "on or before **October 21, 2022**, Plaintiffs shall file a motion for leave to file a second amended complaint." Doc. 66. The court did not impose any deadline for supplemental complaints.

That is for a very good reason. A deadline for supplementation would make no sense, since the existence of newly arising facts is unpredictable.

In any event, the newly available facts present here certainly constitute good cause. In *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417 (11th Cir. 1998), relied upon by Defendants, the Eleventh Circuit found an absence of good cause because "the information supporting the proposed amendment to the complaint was available to Sosa even before she filed suit" *Id.* at 1419. Additionally, the plaintiff "waited approximately six months" after receiving new information before reacting and raising a new theory. *Id.* at 1419.

The situation here could not be more different. The facts in question did not arise until four months after the deadline, and then Okavage promptly sought leave to file its Supplemental Complaint. Good cause exists if the deadline "cannot be met despite the diligence of the party seeking the extension." *Id.* at 1418. (Advisory Committee's Note to 1983 amendment to Rule 16).

3.    Defendants argue on the one hand that the new information contained in the proposed Supplemental Complaint  ("Supp. Cplt.") is completely duplicative, and then complain that allowing filing would be prejudicial because it would "introduce allegations and . . . present arguments that Defendants have had no

2

previous opportunity to address."[1] They do not explain how they would be prejudiced by purely duplicative arguments.

In fact, the new allegations are highly significant, and not duplicative:

a.    Defendants argue that the new allegation of UWM's 54% market share is not important, but they argued in their Motion to Dismiss that a share of less than 50% was inadequate, and therefore Okavage's allegation of a (then) 34% market share was insufficient. Doc. 73 at pp.34-35, 42-43.

b.    Defendants argue that the proposed Supplemental Complaint addresses only one of many interviews with Mr. Ishbia, but in the interview addressed in the proposed Supplemental Complaint Mr. Ishbia first stated that "the penalty of working with Rocket . . . is you don't get to work with UWM. And nobody's willing to take that chance. . . Once you have brokers that don't work [with] UWM, they lose out. That's why of the 12,000 brokers, 11,500 all stayed with UWM." Doc. 81-1 at p.39-40. This shows that UWM successfully coerced the brokers into adhering to its demands, thereby imposing an "appreciable restraint", evidence of market power. See Doc. 79 at pp.31-32.

c.    Defendants argue that allegations regarding firms exiting from the market are irrelevant because Okavage has already alleged barriers to entry. But the proposed Supplemental Complaint specifically states that these exits enhanced "UWM's dominance and market power." Doc. 81-1 at p.41. Market power is an

---

[1] Of course, if the filing of the Supplemental Complaint were permitted, Defendants would have an opportunity to file a new motion to dismiss.

issue repeatedly addressed in detail in Defendants' Motion to Dismiss. See Doc. 73 at pp.3, 25, 33-36, 39.

    d.    Defendants argue that UWM's control over margins, see Supp. Cplt, Doc. 81-1 at p.41, has nothing to do with control over price, which is one of the indicia of market power. But, margin is the difference between price and cost, and therefore control over margins plausibly suggests control over price. The Lerner Index, the difference between price and cost, and thus a measure of margins, is well recognized in antitrust law and economics as a measure of market power. *Restore Robotics LLC v. Intuitive Surgical, Inc.*, No. 5:19cv55-TKW-MJF, 2022 WL 19408080 at *7 (N.D. Fla. Feb. 7, 2022). "[C]ourts have accepted that index as a valid method of identifying monopoly power." Dennis W. Carlton & Jeffrey M. Perloff, MODERN INDUSTRIAL ORGANIZATION 92 (Third Ed. 2005).

    e.    The proposed Supplemental Complaint also quotes Mr. Ishbia to the effect that as a result of the boycott, Rocket went from "more than twice my size overall" to a situation where UWM was "bigger than them" overall. Doc. 81-1 at p.41. This addresses Defendants' argument in their Motion to Dismiss that anticompetitive effects have not been properly alleged because "Plaintiff does not allege that [Rocket and Fairway] have lost any market share at all". Doc. 73 at p.36.

    4.    Defendants claim that supplementation is futile because of other alleged pleading deficiencies. But since there has been no ruling on Defendants' Motion to Dismiss, it is certainly inappropriate to decide now that it would be granted whether or not supplementation were permitted.

48157310.10

Defendants' specific arguments also make no sense. They assert that the Second Amended Complaint does not contain "sufficient allegations of the purported effect", but this is addressed in detail in the Second Amended Complaint at ¶¶32-35, 72-81, Doc. 69, pp.12-14, 26-31.

Defendants argue that "the relevant market is not the wholesale segment", Doc. 84 at p.13, but the Magistrate Judge declined to decide this issue, see Doc. 61 at pp.36-37, and it is not addressed except in passing in Defendants' Motion to Dismiss.

Defendants claim that Okavage fails to allege what percentage of brokers joined the boycott. But the Second Amended Complaint alleges that 60% of brokers in the market work with UWM, and 93% of those brokers joined the boycott. Doc. 69 at pp.11,22. See also Doc. 81-1 at p.41. Simple arithmetic indicates that more than 50% of the brokers (93% of 60%) in the market joined the boycott, creating substantial foreclosure.

Date: May 26, 2023                    Respectfully Submitted,
                                      **PARRISH & GOODMAN, PLLC**
                                      /s/ Robert H. Goodman
                                      ROBERT H. GOODMAN
                                      Florida Bar No.: 1008059
                                      13031 McGregor Blvd., Suite 8
                                      Fort Myers, Florida 33919
                                      Phone: (813) 643-4529
                                      Facsimile: (813) 315-6535
                                      Primary: rgoodman@parrishgoodman.com
                                      Secondary: admin@parrishgoodman.com
                                      AND
                                      JOSEPH E. PARRISH
                                      Florida Bar No: 690058
                                      Primary: jparrish@parrishgoodman.com
                                      Secondary: admin@parrishgoodman.com
                                      *Counsel for Plaintiff*

48157310.10

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of May, 2023, I electronically

filed the foregoing document with the Clerk of the Court using CM/ECF. I also

certify that the foregoing document is being served this day on all counsel of record

via transmission of Notices of Electronic Filing Generated by CM/ECF.

/s/Robert H. Goodman
*Attorney for Plaintiff*

48157310.10