UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 3:21-cv-00448-BJD-JRK

THE OKAVAGE GROUP, LLC,
on behalf of itself and all others
similarly situated,

                              *Plaintiff*,

      v.

UNITED WHOLESALE MORTGAGE, LLC and
MATHEW ISHBIA, individually,

                              *Defendants*.
_____/

## DEFENDANTS' SUR-REPLY TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

Plaintiff's Reply Brief in Support of Motion for Leave to File Supplemental Complaint ("Reply") makes a belated and unsuccessful attempt to bypass or meet the "good cause" standard of Rule 16(b). But the Motion's[1] core fallacy remains: Plaintiff's untimely attempt to insert new evidentiary narrative as camouflage for futile and prejudicial new arguments in opposition to Defendants' fully-briefed motion to dismiss is improper. The Motion should be denied.

### ARGUMENT

### I.    Plaintiff's Belated "Good Cause" Argument Fails

Plaintiff attempts to subvert the two-step analysis governing its Motion (*see* Resp. at 4-6), insisting it had no obligation under Rule 16(b) to demonstrate "good

---

[1] Capitalized terms have the same meaning as in Defendants' Response to Plaintiff's Motion for Leave to File Supplemental Complaint ("Response" or "Resp.").

cause" to modify the Court's September 16 Order, which set a deadline of October 21, 2022 for Plaintiff to amend.[2] Reply at 2. Plaintiff insists the "good cause" standard does not apply here, because a "deadline for supplementation would make no sense, since the existence of newly arising facts is unpredictable." Reply at 2. Such a deadline not only makes sense, it is **required** by Rule 16(b)(3)(A), which directs this Court to enter a scheduling order that "must limit the time to … amend the pleadings[.]" Fed. R. Civ. P. 16(b)(3)(A). Imposing this deadline does not prevent a party from seeking leave to supplement its pleadings to add "newly arising facts"; it simply requires "good cause" to do so. *See* Resp. at 4-6. To hold otherwise, as Plaintiff urges, would render this Court's scheduling orders "meaningless" and would read Rule 16(b) "out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

Plaintiff did not file its Motion until five months after the October 21, 2022 amendment deadline passed, yet made no effort to show good cause. Having failed to satisfy its threshold obligation, Plaintiff cannot do so for the first time on reply. *See Grasso v. Grasso*, 131 F. Supp. 3d 1303, 1309 (M.D. Fla. 2015) (collecting cases). That alone is reason enough to deny the Motion.

Moreover, Plaintiff's belated attempt to show good cause for the first time in its Reply fails because it continues to conflate "[n]ew facts" with "new evidence." Reply at 1-2. They are not synonyms. Plaintiff urges the Court to allow it to stuff its

---

[2] Plaintiff seeks to minimize the September 26 Order by asserting that it only set a deadline for Plaintiff to **amend** its Complaint. Reply at 2. But that is a distinction without a difference; the legal standard is the same for both. *See* Resp. at 4-5.

pleadings with new public statements and interviews that occurred after the October 21 deadline. *Id.* at 2-4. But Plaintiff ignores clear authority discouraging pleadings of "unwieldy length" that read "like an evidentiary narrative." Resp. at 9-10 (quoting *Syaqua Ams., Inc. v. Am. Mariculture, Inc.*, No. 2:20-cv-736-JES-MRM, 2021 U.S. Dist. LEXIS 117876, at *4 (M.D. Fla. June 24, 2021)).

Plaintiff's own explication of its new allegations confirms they are at best "evidentiary narrative," and not "new facts" at all:

- Plaintiff's description of quotes by Mr. Ishbia on an earnings call and in interviews regarding UWM's growth and its market share exceeding 50% mirror the Complaint's existing market share allegations. *Compare* Reply at 3 *with* Resp. at 9.

- Plaintiff's depiction of an interview with Mr. Ishbia regarding broker participation in the All-In Initiative matches its existing allegations of broker participation and supposed coercion of brokers. *Compare* Reply at 3 *with* Resp. at 8-9.

- Plaintiff's reference to an unidentified report of firms exiting the market parallels earlier allegations of UWM's supposed market power. *Compare* Reply at 3 *with* Resp. at 9.

In short, Plaintiff's Supplemental Complaint adds no ***new facts*** to its existing allegations. It merely seeks to amplify prior allegations with ***new evidence***, which it then uses as a springboard to advance improper ***new arguments*** in opposition to Defendants' pending motion to dismiss. *See* Resp. at 8-10. This is not the appropriate stage for Plaintiff to present its evidence.

## II. The Reply Fails to Cure the Futility of Plaintiff's Amendments—or the Prejudice of Using Supplemental Pleadings to Advance New Arguments in Opposition to Dismissal

Plaintiff's Reply also fails the second step of the motion for leave analysis; it has failed to overcome Defendants' showing that the Supplemental Complaint is both futile and prejudicial. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001); Resp. at 11-17. With respect to futility, Defendants have shown that Plaintiff's supplemental allegations pertain only to the issues of market share and market impact, while failing to address six other separate and independent grounds for dismissal set forth in the Magistrate Judge's Report or Defendants' motion to dismiss. *Id.* at 14-15. Plaintiff makes no attempt to refute those grounds for dismissal, and merely insists that because "there has been no ruling" on the motion to dismiss, it is "certainly inappropriate to decide now" whether it renders the Supplemental Complaint futile. Reply at 4. That is the definition of futility. Leave to amend is futile "when the complaint as amended would still be properly dismissed[.]" *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Here, as Defendants have shown, Plaintiff's Supplemental Complaint would still be properly dismissed because both the Report and the motion to dismiss identify innumerable pleading defects left uncured by Plaintiff's supplemental allegations. Granting leave to file the Supplemental Complaint to embellish the evidentiary narrative with respect to market share and market power serves no purpose where Plaintiff's claims must still be dismissed. Such evidentiary matters

are better left for the summary judgment stage, if and only if Plaintiff's operative Complaint proves capable of surviving its numerous separate pleading defects.

Plaintiff's Reply also largely ignores Defendants' showing that the relevant market is not the wholesale segment, but all residential mortgages. Plaintiff says only that this issue is addressed "in passing" in Defendants' motion to dismiss. Reply at 5. In fact, it fills multiple pages of the motion to dismiss, and again would require dismissal of Plaintiff's Supplemental Complaint. [Dkt. 73 at 32-34].

Lastly, Plaintiff insists its Supplemental Complaint is not "prejudicial" because its allegations cannot be both "duplicative" and "prejudicial." Reply at 2. That misses the point. Plaintiff has filled his Motion and now his Reply with **new arguments** attempting to show how his new evidentiary narrative defeats Defendants' motion to dismiss, even adding yet another new argument on Reply regarding the "Lerner Index." *Id.* at 4. Plaintiff's abuse of the supplementation rule to insert new evidence and arguments in a bid to defeat a fully-briefed motion to dismiss is plainly improper and prejudicial, and should be denied.

Dated: June 1, 2023

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
401 East Las Olas Boulevard, Suite 2000
Fort Lauderdale, Florida 33301
Telephone: 954-765-0500
Telefax: 954-765-1477

By:   */s/ Glenn E. Goldstein*
**Glenn E. Goldstein, Esquire**
Florida Bar No. 435260
Email: GoldsteinG@gtlaw.com
geistc@gtlaw.com

5

FLService@gtlaw.com

*Attorneys for Defendants United Wholesale Mortgage, LLC and Mathew Ishbia*

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Glenn E. Goldstein*
GLENN E. GOLDSTEIN

## SERVICE LIST
*The Okavage Group, LLC v. United Wholesale Mortgage, LLC and Mathew Ishbia*
Case No. 3:21-cv-00448
United States District Court, Middle District of Florida

*Counsel for Plaintiff*:

**PARRISH & GOODMAN, PLLC**
13031 McGregor Blvd., Suite 8
Fort Myers, Florida 33919
Phone: (813) 643-4529
Facsimile: (813) 315-6535
**ROBERT H. GOODMAN**
Florida Bar No.: 1008059
Primary:
rgoodman@parrishgoodman.com
Secondary:
admin@parrishgoodman.com
**JOSEPH E. PARRISH**

6

Florida Bar. No: 690058
Primary:
jparrish@parrishgoodman.com
Secondary:
admin@parrishgoodman.com