United States District Court
Middle District of Florida
Jacksonville Division

THE OKAVAGE GROUP, LLC
ON BEHALF OF ITSELF AND
ALL OTHERS SIMILARLY SITUATED,

    Plaintiff,

v.                                                                    NO. 3:21-cv-448-BJD-LLL

UNITED WHOLESALE MORTGAGE,
LLC AND MATTHEW ISHBIA,
INDIVIDUALLY,

    Defendants.

_____

**Order Granting Motion for Leave to File Supplemental Complaint**

Before the Court is Plaintiff, The Okavage Group, LLC's Motion for Leave to File Supplemental Complaint and Supporting Memorandum of Law, docs. 80, 81; Defendants United Wholesale Mortgage LLC (UWM) and Matthew Ishbia's Response to Plaintiff's Motion for Leave to File Supplemental Complaint, doc. 84; plaintiff's reply brief supporting its motion, doc. 93; and defendants' sur-reply supporting its position, doc. 94.[1]

Plaintiff argues that after briefing closed on the pending motion to dismiss, doc. 73, several events occurred which strengthen its claims. Doc. 84.

---

[1] The Court and the parties are familiar with the factual allegations underlying this action, so a summary of the factual background will not be provided here.

First, defendants "made numerous statements which squarely support Okavage's antitrust claims. Additionally, UWM's most recent market share is dramatically higher than in the past . . . . Finally, a number of firms have left the wholesale lending market since the filing of the SAC,[2] further cementing UWM's dominance and supporting Okavage's claim." Doc. 81 at 5. Plaintiff argues that because these statements and events recently occurred, they could not have been included in the second amended complaint. *Id.* Defendants urge the Court to find the proposed supplement duplicative, wasteful, futile, prejudicial, and that there is no good cause for supplementation under either Rule 15 or 16 of the Federal Rules of Civil Procedure. Doc. 84.

Federal Rule of Civil Procedure 15(d) states:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Courts have traditionally "treated requests to supplement under Rule 15(d) liberally" which "keep[s] with the overarching flexibility of Rule 15." *W. Ala. Women's Ctr. v. Miller*, 318 F.R.D. 143, 147 (M.D. Ala. 2016) (citations omitted).

> [A] supplemental pleading . . . is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the

---

[2] Second amended complaint, doc. 69.

2

> cost, delay, and waste of separate actions which must be separately tried and prosecuted. So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears.

*Id.* (quoting *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28-29 (4th Cir. 1963) (additional alterations omitted). *See also Harris v. Garner*, 216 F.3d 970, 984 (11th Cir. 2000) (noting "the liberal allowance of amendments or supplements to . . . pleading under Rule 15.").

In deciding whether to grant supplementation, a court should consider whether it would be based on a "transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Court should analyze the factors of relevancy, prejudice to the nonmovant, unreasonable delay in moving for the supplementation, and whether "the supplementation facilitate[s] the efficient resolution of current claims as well as new ones[.]" *W. Ala. Women's Ctr.*, 318 F.R.D. at 148 (quoting *Gadbois v. PharMerica Corp.,*, 809 F.3d 1, 7 (1st Cir. 2015). *See also* 6A Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1504 (3d ed. 2023) (explaining that granting leave to file a supplemental pleading is within the discretion of the trial court and "should be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action."). "Of course, none

3

of these factors is necessarily dispositive in and of itself. Rather, the court must weigh the totality of the circumstances. In other words, everything depends on context. The bottom line is: would the supplementation promote the efficient administration of justice?" *W. Ala. Women's Ctr.*, 318 F.R.D. at 148 (citations and quotations omitted).

Guided by the above factors, the Court finds plaintiff's motion to supplement the complaint should be granted.[3] Plaintiff asserts varied and complex formulations of alleged violations of the Sherman Act, 15 U.S.C. §§ 1, 2 and state law. *See* docs. 69 (second amended complaint), 61 (50-page report and recommendation examining the merits of the first amended complaint), 81-1 (proposed supplemental class action complaint). The interests of judicial economy would be promoted, as plaintiff argues, by permitting the merits of plaintiff's causes of action to be tested on complete and exhaustive allegations. Doc. 80 at 4.

Plaintiff initially filed its complaint on April 23, 2021, doc. 1. On June 18, 2021, defendants moved to dismiss the complaint, doc. 16, which was mooted when plaintiff filed an amended complaint with the consent of defendants. Docs. 31, 32. The undersigned later recommended granting defendants' motion to dismiss the amended complaint, and eventually allowed plaintiff to file a second amended complaint, docs. 61, 68, which defendants

---

[3] To the extent that plaintiff's request should be analyzed under Rule 16, I find good cause exists to grant the amendment.

4

then moved to dismiss. Doc. 73. The Court (and the parties) have an interest in a final and comprehensive examination of plaintiff's allegations and all facts that support its allegations. *W. Ala. Women's Ctr.*, 318 F.R.D. at 148 (citing *Gadbois*, 809 F.3d at 7). "[W]here a more carefully drafted complaint might state a claim, the district court should grant a plaintiff at least one chance to amend its complaint before dismissing the action with prejudice." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 929 (11th Cir. 2016). Yet, "when a plaintiff repeatedly fails to cure deficiencies, the district court need not grant additional opportunities to amend." *Bright v. Thomas*, 754 F. App'x 783, 789 (11th Cir. 2018) (citation omitted) (explaining that when the court gave plaintiff three opportunities to amend before dismissing plaintiff's claims without giving leave to amend, the court did not abuse its discretion).

Here, defendants' motion to dismiss raises intensively fact-based issues, including the question of whether UWM has sufficient market power under the Sherman Act to state a claim under a rule-of-reason theory. *See* docs. 69, 73. And while defendants are correct that plaintiff could have filed the proposed supplement at an earlier time, I do not find this factor alone reason for denying the motion. *See* 6 Wright & Miller, § 1488 (3d ed. 2023) ("In most cases, delay alone is not a sufficient reason for denying leave."). Additionally, discovery, and thus all case management and scheduling deadlines that follow, have been stayed since September 2021 pending a decision on the motion to dismiss, doc. 51. Thus, I do not find defendants will be prejudiced by a relatively short delay

5

in the hopes of finally and conclusively ruling on whether: 1) plaintiff has stated a claim upon which relief can be granted and 2) the Court has personal jurisdiction over Defendant Ishbia. Docs. 46, 73, Fed. Rs. Civ. P. 12(b)(2), (6). *Compare Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1229 (11th Cir. 2008) (citations omitted) (holding that the district court did not abuse its discretion when it prohibited plaintiff from adding a new theory of recovery via its motion to supplement where discovery was "well underway" and the plaintiff could raise the additional claims in a separate lawsuit.).

Nor do I find that defendants have established that the supplement would be futile in this, a complex antitrust case.[4] "[L]eave to amend should only be denied on the ground of futility when the proposed amendment is *clearly* insufficient or frivolous on its face." *Taylor v. Fla. State Fair Auth.*, 875 F. Supp. 812, 815 (M.D. Fla. 1995) (citation omitted) (emphasis added) .

In the end, the Court's interest[5] in deciding the sufficiency of the pleading, with finality, outweighs other considerations and requires that plaintiff's motion be granted. Notwithstanding my analysis above, plaintiff will

---

[4] For instance, because the Court is required to undertake some analysis to determine the economic effect of any alleged restraint on trade in determining whether a rule-of-reason or per se analysis applies, its inquiry is based on a factual inquiry into the alleged restraint's effect on competition. *See* doc. 63 at 27 (collecting cases).

[5] Defendants may raise the arguments related to futility in any future motion to dismiss.

6

not be given future, additional opportunity to amend, supplement, or modify its pleadings absent extraordinary circumstances.

It is **ordered**:

1. Plaintiff's Motion for Leave to File Supplemental Complaint and Supporting Memorandum of Law, doc. 80, is **granted**.

2. The Clerk of Court is **directed to file** exhibit A to plaintiff's memorandum supporting its motion, Supplemental Class Action Complaint, doc. 81-1,[6] as the operative, third amended complaint.

3. Defendants **shall respond** to the operative, third amended complaint, doc. 81-1, on or before **August 2, 2023**.

4. If defendants file a motion to dismiss, the motion shall not exceed 40 pages; plaintiff must respond **on or before August 16, 2023** and the response shall not exceed 40 pages; defendants may file a reply on or before **August 23, 2023** and the reply shall not exceed 10 pages; plaintiff may file a sur-reply on or before **August 30, 2023** and the sur-reply shall not exceed 10 pages.[7]

---

[6] The Court makes no determination here whether this complaint, doc. 81-1, is sufficient.

[7] While the briefing schedule is shorter than what the parties have been granted, given the posture of this matter, I find the schedule fair and appropriate. *See* Fed. R. Civ. P. 15(d)(" The court may order that the opposing party plead to the supplemental pleading within a specified time."); 6A Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1504 (3d ed. 2023) ("The court may impose any conditions on its grant of leave that are appropriate and just under the circumstances").

7

5. Any motion, response, or reply shall contain appropriate citations to the third amended complaint and shall not incorporate previous arguments by reference. The Court will not consider previously filed briefing on earlier versions of the operative complaint.

6. Defendants' Motion to Dismiss Second Amended Class Action Complaint Pursuant to Rules 12(b)(2) and 12(b)(6), doc. 73, is **denied as moot**.

**Ordered** in Jacksonville, Florida, on July 18, 2023.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Avi Benayoun, Esquire
Glenn E. Goldstein, Esquire
Stephanie Peral, Esquire
Joseph E. Parrish, Esquire
Robert H. Goodman, Esquire